Charles A. and Eleanor H. Harris v. Commissioner
Charles A. v. Commissioner
Docket No. 34256.
United States Tax Court
1953 Tax Ct. Memo LEXIS 396; 12 T.C.M. (CCH) 42; T.C.M. (RIA) 53023; January 28, 1953
Charles A. Harris, for the petitioners. Melvin A. Bruck, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioners' income tax for the year 1947 in the amount of $217.54. In his answer respondent concedes that he erred in not allowing petitioners credit for a payment of $48 made on their estimated tax for that year. The sole issue is whether the respondent properly disallowed certain deductions claimed by petitioners in their return. Findings of Fact Petitioners are husband and wife and presently reside in Mission, Kansas. Petitioners filed a joint return for the year 1947 with the collector of internal revenue for the eighth district of Illinois. Petitioner Charles A. Harris was an officer of *397 the United States Air Force, stationed at Biggs Field, El Paso, Texas, and during the taxable year involved was required to make a temporary tour of duty to March Field, California, for a period of 45 days and another tour to Tyndall Field, Panama City, Florida, for a period of 109 days. On their joint return the petitioners claimed deductions aggregating $1,171.40, under the headings and in the amounts as follows: Charitable deductions
$130.00
Taxes, i.e., Illinois automobile license,
$10.50; trailer license, $5.25; sales tax
on trailer, $4.07; and estimated gaso-
line taxes of $106.40
126.22
Casualty losses not compensated by in-
surance or otherwise
197.75
Board and lodging while on temporary
duty for which petitioner received no
reimbursement
646.06
Miscellaneous - professional magazines, $15; corps devices, $15; Air Force
Association dues, $3
33.00
Medical expenses
38.37 In determining his deficiency the respondent disallowed all of the above claimed deductions and determined petitioners' tax liability on the basis of the standard deduction of ten per cent of adjusted gross income. In the taxable year 1947 the petitioners made contributions *398 to recognized charities in the total amount $130of. In the taxable year involved the petitioners paid the sum of $10.50 for an automobile license, $5.25 for a trailer license, and $4.07 sales tax on a trailer. The petitioners also paid state gasoline taxes in the amount of not less than $50. Petitioners sustained a loss in the amount of $95 in excess of the amount recovered through insurance as the result of damage to their automobile involved in a wreck in December 1947. Petitioners sustained a loss on personal belongings and books destroyed by fire in October 1945 in the estimated amount of $30, which was not covered by insurance. Petitioner Charles A. Harris paid in the taxable year 1947 the amount of $646.06 for lodging and meals while on assigned duty away from his home post in excess of the amount for which he was reimbursed by the Government, which amount is deductible as an ordinary and necessary expense. Petitioners paid the amount of $15 for professional magazines and the amount of $15 for corps devices, which expenditures constitute ordinary and necessary business expenses. Opinion LEMIRE, Judge: The sole question presented involves the propriety of the respondent's *399 disallowance of certain deductions claimed by petitioners in the taxable year 1947. The respondent contends that certain of the claimed deductions are not properly deductible and as to others that there has been a failure of proof. While in most instances the petitioners were unable to offer documentary proof to substantiate the amounts of the expenditures, we think the oral testimony of the petitioner, Charles A. Harris, is creditable. We have allowed the full amount of the charitable deductions claimed, since the contributions were to recognized charities, the amounts were reasonable, and the total amount of $130 is within the limitations prescribed by section 23 (o) of the Internal Revenue Code. The deductions for taxes to the extent of $19.82 were substantiated and conceded to be properly deductible by the respondent. The claimed deduction of $106.40 for state gasoline taxes was estimated on the basis of 40,000 miles at the rate of 15 miles per gallon at four cents per gallon. The record discloses the car was used to a considerable extent in the States of Florida and California where the gasoline tax is not deductible by the consumer. See I.T. 3636, 1944 C.B., p. 103, *400 and I.T. 3075, 1937-1 C.B., p. 75. Since it appears that the car was also used in states where the gasoline tax paid by the consumer is properly deductible, we have allowed the amount of $50 for gasoline taxes paid in the taxable year under the rationale of Cohan v. Commissioner, 39 Fed. (2d) 540. Therefore, we have found as a fact that petitioners are entitled to a deduction of the total amount of $69.82 as taxes paid under section 23 (c) of the Code. With respect to the claimed deduction in the aggregate amount of $197.75, under the heading of "losses from fire, storm, etc.," the petitioners have satisfactorily established that a loss was sustained in the taxable year in question in the amount of $95 in excess of the amount recovered through insurance for damage to their automobile involved in a wreck. The claimed loss of $50 for personal belongings destroyed by fire while in storage is allowed to the exent of $30 under the rationale of the Cohan case, supra. The balance of the casualty losses claimed in the amount of $72.75 is disallowed for failure of adequate proof. With respect to the deduction claimed for lodging and meals in the amount of $646.06, *401 the record establishes that petitioner Charles A. Harris was assigned on two occasions to temporary duty away from his home base for a period of 154 days. The period of absence was satisfactorily established and the testimony of petitioner Charles A. Harris estimates the cost of his living expenses at $5 per day, which we regard as reasonable. We have allowed the amount of $646.06 as constituting an ordinary and necessary business expense within the purview of section 23 (a) (1) (A) of the Code. With respect to the deductions in the amount of $33, under the heading of "miscellaneous," we are satisfied that the petitioners expended in the taxable year the sum of $15 for professional magazines and the amount of $15 for corps devices. Such expenditures constitute ordinary and necessary business expenses and are properly deductible under section 23 (a) (1) (A) of the Code. The amount of $3 paid for Air Force Association dues does not constitute a proper deduction and is disallowed. With respect to the claimed deduction for medical expenses in the sum of $38.37, the record does not satisfactorily establish expenditures in excess of the five per cent of the adjusted gross income of petitioners, *402 so as to entitle them to any deduction within the purview of section 23 (X) of the Code applicable to the taxable year involved. The claimed deduction for medical expenses is, therefore, disallowed. Decision will be entered under Rule 50.